UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LEE JONES, #235079,

               Plaintiff,                               Hon. Jane M. Beckering

v.                                               Case No. 1:23-cv-471

JOHN FAGER, et. al.,

               Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 18).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be denied.

**BACKGROUND**

Plaintiff initiated this action against several individuals employed at the Brooks Correctional Facility (LRF) where he was previously incarcerated.   In his complaint, Plaintiff alleges the following.

On December 5, 2022, Plaintiff "forwarded written communication" to LRF administrative personnel, including Resident Unit Manager (RUM) John Fager, "outlining general health and safety concerns within the prisoner population housing units."   The following day, Plaintiff's attorney received from the Michigan Attorney

-1-

General's office a proposed settlement agreement to resolve claims Plaintiff asserted in a separate lawsuit against a Corrections Officer (CO) named Siwanowicz.

On December 15, 2022, Sergeant Mark Baldwin and CO Matthew Farber, along with two other prison personnel, confiscated Plaintiff's legal materials. Baldwin and Farber "read at length the settlement agreement and other pleadings and papers." Baldwin then stated "so, you're the one suing [Siwanowicz]." Baldwin and Farber delivered Plaintiff's legal materials to RUM Fager. Fager and Prison Counselor (PC) Kyle Traptow also read Plaintiff's legal material after which Fager accused Plaintiff of "using the law library and [his position in the] legal writer program to harass staff."

The following day, RUM Fager and PC Traptow completed the paperwork necessary to transfer Plaintiff. On December 20, 2022, Plaintiff was transferred to the Saginaw Correctional Facility (SRF). As a result of this transfer, Plaintiff lost his job in the legal writer program. Plaintiff's legal materials, as well as his typewriter, were "lost" during his transfer and never returned to Plaintiff.

Plaintiff has sued RUM Fager, PC Traptow, Sergeant Baldwin, and CO Farber. Plaintiff has advanced four separate counts alleging unlawful retaliation, as well as two separate state law claims. Defendants now move to dismiss Plaintiff's complaint on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

-2-

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case."   *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient.   *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts."   *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial."   *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot

merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies.   *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).   This obligation only extends, however, to such administrative remedies as are available.   *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).   Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.   *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."   *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).   In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to >properly exhaust.=   The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison=s requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody.   Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his

control, or the issue falls within the jurisdiction of Internal Affairs.   MDOC Policy
Directive 03.02.130 ¶ Q (Mar. 18, 2019).   The prisoner must attempt to resolve the
matter within two days of becoming aware that there exists a grievable issue.   (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit
a Step I grievance, but such must be submitted within five business days after
attempting to resolve the matter with staff.   MDOC Policy Directive 03.02.130 ¶ W
(Mar. 18, 2019).   The issues asserted in a grievance "should be stated briefly but
concisely" and the "[d]ates, times, places, and names of all those involved in the issue
being grieved are to be included."   MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely
response, he may appeal to Step II within ten business days of the response, or if no
response was received, within ten business days after the response was due.   MDOC
Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019).   If the prisoner is dissatisfied with the
Step II response, or does not receive a timely Step II response, he may appeal the matter
to Step III.   MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of their motion, Defendants identify three grievances which Plaintiff
pursued and which, according to Defendants, fail to properly exhaust any of Plaintiff's
claims against them.   A review of these grievances reveals the following.

A.      Grievance LRF-23-01-0098-28e

Plaintiff submitted this grievance on January 10, 2023, alleging that Defendants
Fager and Traptow subjected him to unlawful retaliation.   (ECF No. 20, PageID.90-91).

Plaintiff's grievance was rejected as untimely. (*Id.*, PageID.92). Specifically, the Grievance Coordinator observed that there did not exist any "reasonable circumstance beyond [Plaintiff's] control that would have prevented [him] from filing this grievance in a timely fashion." (*Id.*). Plaintiff unsuccessfully appealed the matter through all three steps of the grievance process. (*Id.*, PageID.87-89).

B.     Grievance LRF 23-01-0070-28e

Plaintiff submitted this grievance on January 2, 2023, alleging that Defendants Baldwin and Farber subjected him to unlawful retaliation. (ECF No. 20, PageID.96-97). Plaintiff's grievance was rejected as untimely. (*Id.*, PageID.98). Specifically, the Grievance Coordinator observed that there did not exist any "reasonable circumstance beyond [Plaintiff's] control that would have prevented [him] from filing this grievance in a timely fashion." (*Id.*). Plaintiff unsuccessfully appealed the matter through all three steps of the grievance process. (*Id.*, PageID.93-95).

C.     Grievance LRF 23-01-0069-28e

Plaintiff submitted this grievance on January 2, 2023, alleging that Defendants Baldwin, Farber, Fager, and Traptow subjected him to unlawful retaliation. (ECF No. 20, PageID.102-03). Plaintiff's grievance was rejected as untimely. (*Id.*, PageID.104). Specifically, the Grievance Coordinator observed that there did not exist any "reasonable circumstance beyond [Plaintiff's] control that would have prevented [him] from filing this grievance in a timely fashion." (*Id.*). Plaintiff unsuccessfully appealed the matter through all three steps of the grievance process. (*Id.*, PageID.99-101).

MDOC Policy provides that a grievance "shall be rejected" if it "is filed in an untimely manner."  MDOC Policy Directive 03.02.130 ¶ (J)(5) (Mar. 18, 2019).  This provision further provides, however, that a grievance "shall not be rejected if there is a valid reason for the delay; e.g., transfer."  (*Id.*).  Plaintiff indicated in each of his grievances that his efforts to comply with the grievance Policy were impeded by his transfer.  In support of the present motion, Defendants offer nothing beyond the conclusory assessment articulated by the Grievance Coordinator rejecting each grievance at Step I.

While reluctant to interject itself into the MDOC's prison grievance process, the Court is not obligated to simply disregard errors or mistakes in the enforcement or application of prison grievance policies.  *See, e.g., Burnett v. Walsh*, 2020 WL 3716555 at *3-4 (E.D. Mich., June 15, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied after finding that MDOC "improperly rejected" prisoner's grievance)[1]; *Ashley v. Boayue*, 2020 WL 5985203 at *5-6 (E.D. Mich., Feb. 18, 2020) (court recommended that motion for summary judgment on failure to exhaust grounds be denied in part after finding that MDOC "improperly rejected" prisoner's grievance)[2].

---

[1] This recommendation was adopted as the opinion of the Court after no party objected thereto.  *Burnett v. Walsh*, 2020 WL 3639564 (E.D. Mich., July 6, 2020).

[2] This recommendation was adopted as the opinion of the Court after no party objected thereto.  *Ashley v. Boayue*, 2020 WL 4282198 (E.D. Mich., July 27, 2020).

Defendants have failed to present evidence sufficient to satisfy their burden. Interpreted in a light most favorable to Plaintiff, a jury could reasonably conclude that the decisions rejecting Plaintiff's grievances were unreasonable and contrary to MDOC Policy.    Thus, a jury could reasonably find that Plaintiff properly exhausted his administrative remedies.  *See, e.g., McClaine-Bey v. Bury*, 2022 WL 508839 at *5-6 (W.D. Mich., Jan. 18, 2022) (disputed questions regarding the denial of a grievance as untimely preclude granting summary judgment); *Bradford v. Isard*, 2016 WL 4144248 at *2 (W.D. Mich., Aug. 4, 2016) (same).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 18) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 12, 2024                    /s/ Phillip J. Green
                                       PHILLIP J. GREEN
                                       United States Magistrate Judge

-9-